THOMAS G. KIRKPATRICK, REUBEN C. STILES, SAMUEL CROCKER, and JOSEPH HALL, *Plaintiffs in Error,*

*vs.*

ELLEN McCORMICK, *Defendant in Error.*

ERROR TO THE GRANT COUNTY COURT.

A., B. and C. were sued jointly, and judgment was rendered against all. A. and B. appealed, but C. did not join in the appeal. Held : The appeal by A. and B. was well taken.

One of several co-defendants against whom judgment has been rendered by a justice of the peace, may appeal to the County Court, without joining his co-defendants in the appeal.

An appeal from the judgment of a justice of the peace, by any of the parties feeling aggrieved, necessarily removes the whole case to the appellate court. and suspends all other proceedings upon the judgment before the justice.

An appeal by one co-defendant gives the appellate court jurisdiction of all the parties to the judgment below, and effectually stays all proceedings upon the judgment by the justice against one and all of the defendants.

The defendant in error sued Kirkpatrick, Stiles and Crocker in assumpsit, by attachment on note, before a justice of the peace of Grant county, on the 20th of October, 1849. Kirkpatrick and Stiles applied for a change of venue, and the cause was transferred to another justice. Kirkpatrick and Stiles pleaded payment; Crocker did not appear or plead. November 3d, 1849, the justice rendered judgment against the defendants for $22.01. Kirkpatrick and Stiles made affidavit, entered into recognizance, and took an appeal to the Circuit Court. Crocker did not appeal, but was content to abide the judgment of the justice. A trial was had in the Circuit Court ;

verdict for the plaintiff. Stiles and Kirkpatrick
moved for a new trial, which was overruled, and the
court rendered judgment against all the original de- Kirkpatrick et al.
fendants in the suit, and also against Joseph Hall, the vs.
surety of Stiles and Kirkpatrick, on their recogni- McCormick.
zance, for $25.31, and costs taxed at $52.60, on which
judgment, execution issued against Kirkpatrick, Stiles,
Crocker and Hall; and Crocker's land was levied on,
advertised and sold to satisfy said execution.

*G. W. Lakin*, for the plaintiffs in error.

*Hall & Knowlton*, for the defendant in error.

*By the Court*, CRAWFORD, J.   We see no reason to
disturb the judgment rendered in this case, in the
Circuit Court.   By the fourth section of " An act to
amend an act entitled ' An act concerning justices of
the peace, and for other purposes,' " approved January
30, 1844, *any person* aggrieved by a judgment ren-
dered by a justice of the peace, if the judgment ex-
ceeded fifteen dollars, might appeal therefrom.   This
was the law in force concerning appeals from justices
of the peace, at the time the appeal in this case was
taken, and there can be no doubt that Kirkpatrick
and Stiles, against whom and Crocker, the justice of
the peace had rendered a judgment for $22.01, were
entitled to an appeal from such judgment, whether
their co-defendant, Crocker, joined in the application
or not.

Upon a compliance with the requirements of the
statute, by the appellants, Kirkpatrick and Stiles, all
further proceedings on the judgment before Justice
McCormick, were suspended, *( Vide R. S. of* 1839,

Dec. Term
1858.

Kirkpat-
rick et al.
vs.
McCor-
mick.

*Art.* IX., *sec.* 4,) and the transcript of the justice's docket, together with the process and papers in the cause, having been filed in the office of the Clerk of the Circuit Court for Grant county, that court acquired jurisdiction of the whole matter. An appeal from the judgment of a justice of the peace, by any of the parties feeling aggrieved by such judgment, in a case where an appeal is provided by the statute, necessarily removes the whole cause to the appellate court, and suspends all other proceedings upon the judgment before the justice of the peace. Hence, in this case, the defendant Crocker, (although he did not make any defence to the action before the justice,) being a party against whom jointly with the appellants Kirkpatrick and Stiles, a judgment had been rendered by the justice, was, from the necessity of the case, a party to the appeal, and the jurisdiction of the Circuit Court extended to him equally with Kirkpatrick and Stiles, inasmuch as they had all been served with the original process in the suit, and had all appeared before the justice. It can make no difference, that the defendant Crocker had made no defence to the action, and did not join in the application for an appeal, but was satisfied with the judgment of the justice of the peace; because, the law which secured the right of appeal to his co-defendant, effectually deprived the plaintiff of all benefit to her from her judgment against Crocker, by inhibiting *all* further proceedings before the justice on that judgment. She could obtain no process to compel its payment, because the justice was deprived of the power to issue an execution.

We do not think that the proceeding by summons and severance is necessary or applicable in cases of

this kind ; the justice of the peace having jurisdic-
tion of the subject manter, and of the persons of all
the defendants, an appeal by one or more of the de-
fendants against whom judgment had been rendered,
removed the cause and parties before the appellate
court, and that court thereby acquired jurisdiction
over all of the parties to the judgment appealed
from, as fully as if they had been originally sued in,
and served with process emanating from, such appel-
late court.

The judgment in the Circuit Court was properly
rendered against all the defendants, and the surety in
the recognizance given on the appeal, and we find no
error in the proceedings. The return to the writ of
error includes copies of the execution issued on the
judgment in the Circuit Court, and of the return of
the sheriff endorsed thereon, but as these copies con-
stitute no part of the record, and are improperly in-
corporated in the return to the writ of error, we have
not deemed it necessary to examine them.

The judgment of the Circuit Court is affirmed with
costs.